IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH M. HOPKINS, ULZ-133, ) | |
| ) | |
| Plaintiff(s), ) | No. C 16-1450 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| JAGDEEP SANDU, DDS, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at the Alameda County Jail, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging improper dental care while he was incarcerated at San Quentin State Prison (SQSP) in 2012.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that on January 23, 2012, SQSP dentist Jagdeep Sandu, DDS, extracted an infected tooth from plaintiff. But after several months of continued pain, plaintiff was referred to an oral surgeon who concluded that Dr. Sandu had "failed to remove the infected tooth root." Compl. (ECF No. 1) at 3 (emphasis added). Plaintiff seeks damages for Dr. Sandu's "malpractice." Id.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); see also Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official is "deliberately indifferent" only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n.4. An "official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's

2

conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

Plaintiff's allegations that he suffered several months of pain because Dr. Sandu's extraction of his infected tooth failed to remove the root of the tooth may be enough for plaintiff to pursue a negligence or medical malpractice claim against Dr. Sandu in state court, but they are not enough to state a deliberate indifference to serious medical needs claim under § 1983 against Dr. Sandu in federal court.  See Farmer, 511 U.S. at 835-36 & n.4; see also Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (a claim of negligence or medical malpractice insufficient to make out 8th Amendment violation).  There is no indication whatsoever that Dr. Sandu's alleged shortcomings were wanton so as to implicate the Eighth Amendment.  Cf. Wilson, 501 U.S. at 302-03.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim upon which relief may be granted in this court.  See 28 U.S.C. § 1915A(b).  Plaintiff is free to pursue his claims in state court, however.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:  May 5, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.16\Hopkins, K.16-1450.dismiss.wpd